JEANETTE W. MORRIS ET UX. v. ARTHUR HOFHEIMER ET AL., EXECUTORS.

Decided February 28, 1923.

**Assault—Adequacy of Damages—Plaintiff a Nurse, Defendant's Testatrix an Elderly Woman.**

On plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Jacob L. Newman.*

*Contra, William N. Runyon.*

PER CURIAM.

This action was brought to recover damages for an assault alleged to have been committed upon the female plaintiff by the defendants' testatrix, Lena Hofheimer. The trial resulted in a verdict in favor of the plaintiff Jeanette W. Morris, and the jury awarded her $80 as compensation for the injuries received. We are asked to set aside this verdict upon the ground that it is grossly inadequate.

Mrs. Morris was a trained nurse. She had been employed to act as night nurse for Mr. Hofheimer, at his residence, near Plainfield. Her employment began about the middle of August, 1921. At that time, according to her story, Mr. Hofheimer's physical as well as his mental condition was on the down grade, and he died some three months later. The plaintiff's claim was that early in the morning of August 29th, while Mrs. Morris was trying to prevent her patient from getting out of bed, Mrs. Hofheimer, who occupied another bed in the same room, assaulted her viciously, knocked her down on the floor and, when she (the plaintiff) tried to escape and ran into the next room, Mrs. Hofheimer there

continued the assault, and threw her against the bedstead in that room, quite seriously injuring her thigh.

At the time of the trial not only was Mr. Hofheimer dead, but Mrs. Hofheimer also had passed away, dying on the 11th of April, 1922, and while the suit was pending. Of the three witnesses who were present at the alleged assault in the patient's bedroom, only Mrs. Morris was left to testify at the time of the trial. So far as the assault in the adjoining room was concerned, she is contradicted by Dr. Meyer, who was in attendance professionally upon Mr. Hofheimer and who was spending the night at his patient's home. Dr. Meyer was in the bed against which Mrs. Morris claims to have been thrown, and, as I have said, denies absolutely the committing of any assault upon Mrs. Morris by Mrs. Hofheimer in that room.

In veiw of these facts, namely, that Mrs. Morris's story with relation to the assault committed in the patient's bedroom could not be contradicted by the only other persons then in that room, and that her story with relation to what occurred in Dr. Meyer's room is absolutely contradicted by him, taken in consideration with the undisputed facts that Mrs. Hofheimer was a woman of about sixty-five years of age, and then suffering from diabetes, while Mrs. Morris was thirty-three years of age, weighed one hundred and eighty-one pounds, and was, as she herself testified, in perfect physical condition, at the time of the alleged assault, we cannot say that the verdict of the jury in assessing the damages at $80 was without reasonable support from the evidence.

The rule to show cause will be discharged.